```
 1 │ THOMAS P. O'BRIEN
   │ United States Attorney
 2 │ CHRISTINE C. EWELL
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ STEVEN R. WELK
 4 │ Assistant United States Attorney
   │ Chief, Asset Forfeiture Section
 5 │ P. GREG PARHAM
   │ California Bar No. 140310
 6 │ Special Assistant United States Attorney
   │ Asset Forfeiture Section
 7 │     Federal Courthouse, 14th Floor
   │     312 North Spring Street
 8 │     Los Angeles, California 90012
   │     Telephone:  (213) 894-0304
 9 │     Facsimile:     (213) 894-7177
   │     E-mail: Greg.Parham@usdoj.gov
10 │
   │ Attorneys for Plaintiff
11 │ United States of America
12 │
13 │                  UNITED STATES DISTRICT COURT
14 │             FOR THE CENTRAL DISTRICT OF CALIFORNIA
15 │                         WESTERN DIVISION
16 │    UNITED STATES OF AMERICA,   )
   │                                )   NO.  CV 08-0991 AHM(JCx)
17 │                   Plaintiff,   )
   │                                )   CONSENT JUDGMENT OF FORFEITURE
18 │              v.                )
   │                                )
19 │    $85,140.42 IN CITY NATIONAL )
   │    BANK ACCOUNT FUNDS,         )
20 │                                )
   │                  Defendant.    )
21 │    _____ )
   │                                )
22 │    SHORELINE NETWORKS, INC.,   )
   │                                )
23 │                   Claimant.    )
   │    _____ )
24 │
25 │
26 │
27 │
28 │
```

1  This action was filed on February 13, 2008.  Notice was given
2  and published in accordance with law.  Claimant Shoreline Networks,
3  Inc. ("claimant") filed its claim on April 7, 2008, and its answer
4  on May 5, 2008.  Plaintiff and claimant, from whom the $85,140.42
5  in City National Bank account funds ("defendant bank funds") were
6  seized, have reached an agreement that is dispositive of the
7  action.  The parties hereby request that the Court enter this
8  Consent Judgment of Forfeiture.

9  **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

10  1.  This Court has jurisdiction over the parties and the
11      subject matter of this action.
12  2.  Notice of this action has been given in accordance with
13      law.  All potential claimants to the defendant bank funds
14      other than claimant are deemed to have admitted the
15      allegations of the Complaint.  The allegations set out in
16      the Complaint are sufficient to establish a basis for
17      forfeiture.
18  3.  The United States of America shall have judgment as to
19      $65,140.42 of the defendant bank funds, plus all interest
20      earned by the government on the full amount of the
21      defendant bank funds, and no other person or entity shall
22      have any right, title or interest therein.  The United
23      States Marshals Service is ordered to dispose of said
24      assets in accordance with law.
25  4.  $20,000.00 of the defendant bank funds, without any
26      interest earned by the government on that amount, shall
27      be paid to claimant Shoreline Networks, Inc., and be
28      returned in care of its attorney, Paul L. Gabbert.  Said

|   |   |   |
|---|---|---|
| 1 |   | funds shall be forwarded by a check made payable in the |
| 2 |   | amount of $20,000.00 to "Paul L. Gabbert Attorney Client |
| 3 |   | Trust Account" and shall be mailed to Paul L. Gabbert, |
| 4 |   | Esq., 2115 Main Street, Santa Monica, CA 90405 within |
| 5 |   | forty five (45) days of the date this judgment is entered |
| 6 |   | by the Court. |
| 7 | 5. | Claimant hereby releases the United States of America, |
| 8 |   | its agencies, agents, and officers, including employees |
| 9 |   | and agents of the Federal Bureau of Investigation, from |
| 10 |   | any and all claims, actions or liabilities arising out of |
| 11 |   | or related to this action, including, without limitation, |
| 12 |   | any claim for attorney's fees, costs or interest which |
| 13 |   | may be asserted on behalf of the claimant, whether |
| 14 |   | pursuant to 28 U.S.C. § 2465 or otherwise. |
| 15 | 6. | The court finds that there was reasonable cause for the |
| 16 |   | seizure of the defendant bank funds and institution of |
| 17 |   | these proceedings. This judgment shall be construed as |
| 18 |   | a certificate of reasonable cause pursuant to 28 U.S.C. |
| 19 |   | § 2465. |
| 20 | 7. | Plaintiff United States of America agrees that it will |
| 21 |   | not seek to recover civil sanctions (except to the extent |
| 22 |   | that the forfeiture of the defendant bank funds can be |
| 23 |   | considered a civil sanction), attorney's fees or costs in |
| 24 |   | connection with this action or the underlying seizure. |

Dated: November 14, 2008

_____
THE HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

**Make JS-6**